IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PATRICIA BURKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| UNION COUNTY BOARD OF COUNTY COMMISSIONERS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, PATRICIA BURKEL ("PLAINTIFF") and files this Complaint against Defendant, UNION COUNTY BOARD OF COUNTY COMMISSIONERS ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida municipality that provided emergency medical services to citizens of Union County, which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

       Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. At all relevant times, DEFENDANT had two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was PLAINTIFF'S employer as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. On or about April 23, 2018, DEFENDANT hired PLAINTIFF to work as a non-exempt administrative assistant at an hourly rate of $12.50. PLAINTIFF continues to work in that capacity today and she currently earns $14.66 per hour.

10. In or around July 2018, PLAINTIFF'S supervisor Wayne Clemons told PLAINTIFF that Karen Cossey told him that PLAINTIFF should not be paid overtime. To accomplish that Mr. Clemons clocked PLAINTIFF in at 8:00 a.m. and out at 4:00 p.m. every day, no matter what hours PLAINTIFF actually worked.

11. In fact, PLAINTIFF worked for DEFENDANT Monday through Friday beginning between 7:30 a.m. and 7:40 a.m. and normally worked until at least 6:30 p.m., although she worked as late as 9:30 p.m. on some nights. In addition, PLAINTIFF performed work for DEFENDANT on weekends and after hours. This continued until August 2021.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and

one-half when they work more than 40 hours per week.

13. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF was not paid overtime when she worked more than 40 hours in a week. In fact, PLAINTIFF was not paid at all for any hours after the 40th hour she worked each week, despite working between ten and 15 hours of overtime each week.

14. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF time and one-half when she worked more than 40 hours per week.

15. PLAINTIFF is therefore owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT has two or more employees, including PLAINTIFF, who handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. PLAINTIFF at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which she received no compensation.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF at a rate of one and one-half times her usual hourly rate when she worked overtime violates the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate properly PLAINTIFF for all compensable hours was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF time and one-half pay for unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid overtime, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid between $12.50 per hour and $14.66 per hour for each hour she worked.

28. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for any hours she worked past the first 40 hours she worked each week.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help her get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  September 4, 2021

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvillleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF