UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PATRICIA BURKEL,**

    Plaintiff,                                                        Case No.: **3:21-cv-888-MMH-JBT**

v.

**UNION COUNTY BOARD OF
COUNTY COMMISSIONERS,**

    Defendant.
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT
AND RELEASE AND FOR DISMISSAL WITH PREJUDICE**

Plaintiff, Patricia Burkel ("Plaintiff"), and Defendant, Union County Board of County Commissioners ("Defendant") (Plaintiff and Defendant are hereinafter referred to collectively as the "Parties"), pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), submit their joint motion for approval of the attached settlement agreement, and state as follows:

**Background**

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), for Defendant's alleged failure to pay Plaintiff overtime compensation. Plaintiff has been employed by Defendant since April 23, 2018, as an administrative assistant to the Medical Service Director.

2. Plaintiff alleges that Defendant failed to pay her overtime wages for a period of 140 weeks (from October 2018 through August 2021). Specifically, she claims that her supervisor told her that she should not be paid overtime and, to accomplish this, actually

clocked Plaintiff in at 8 a.m. and out at 4 p.m. every work day, regardless of the hours she actually worked.

3. Plaintiff claims that she was actually working 55 total hours (or 15 hours overtime) each work week and that her pay rate increased from $12.50 an hour to $15.10 during the relevant period.

4. In Plaintiff's Answers to Court Interrogatories, Plaintiff stated that she was seeking to recover the following unpaid wages and liquidated damages: "Using an average hourly rate of $13.80, Plaintiff's claim is $13.80 x 15 hours per week x 1.5 (overtime rate) x 140 weeks (October 2018 to August 2021) x 2 (liquidated damages) = $86,940." (Doc. 8).

5. Defendant contends that the relevant time period during which Plaintiff's hours were improperly reported was shorter, 89 work weeks not 140, and that Plaintiff was likely working between 2 to 5 hours of overtime each week during this period, not 15, based on the work hours she typically worked when she was properly recording her hours worked. Specifically, Defendant's position was that Plaintiff was entitled to recover the following unpaid wages and liquidated damages: using an average hourly rate of $13.80, Plaintiff's entitlement should be $13.80 x 2 to 5 hours per week x 1.5 (overtime rate) x 89 weeks x 2 (liquidated damages) = $7,369.20 to $18,423.

6. Accordingly, there is a bona fide dispute regarding the number of hours actually worked by Plaintiff and how much she is owed as additional compensation by Defendant. This is bona fide dispute exists even after the parties engaged in substantial discovery, including the depositions of Plaintiff and several witnesses.

7. To avoid the costs and uncertainty of further litigation, the Parties have negotiated a settlement in this matter. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350

(11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court or under the supervision of the U.S. Department of Labor. The Parties acknowledge that the terms of any settlement agreement resolving Plaintiff's claims must be filed with the Court for approval. As such, the Parties have agreed to a written settlement agreement (the "FLSA Settlement Agreement and Release"), a true and correct copy of which is attached hereto as Exhibit "A."

7. Defendant has agreed to pay Plaintiff $60,000.00 plus the full mediator's fee in full settlement of her claims. The settlement payment is allocated as follows:

   a. $46,000.00 in alleged unpaid wages and liquidated damages;
   b. $14,000.00 in attorneys' fees and costs.

8. Plaintiff has accepted this sum in light of the uncertainty of the potential success of her claims, particularly with respect to the number of hours actually worked by Plaintiff. Plaintiff acknowledges that this settlement amount constitutes valuable consideration for release and dismissal of her claims.

9. The Parties respectfully request that this Court enter an Order approving the FLSA Settlement Agreement and Release and dismissing this action with prejudice, as the settlement is both fair and reasonable.

## Memorandum of Law

Back wage claims arising under the FLSA can only be settled or compromised by employees with the approval of the district court or the Secretary of Labor. Lynn's Food Stores, 679 F.2d at 1352–1353. To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See id. at 1353–1354. If the settlement reflects a reasonable compromise over disputed issues of law

or fact, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

<u>See Leverso v. South Trust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); <u>accord Silva v. Miller</u>, 547 F. Supp. 2d 1299, 1303–04 (S.D. Fla. 2008). "A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation 'is more likely to reflect a reasonable compromise of disputed issues.'" <u>Gomez v. N.Y. Roma Pizza & Pasta No. 7 Inc.</u>, 2010 WL 686548 * 1 (S.D. Fla. Feb. 22, 2010). When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1331 (5th Cir. 1977); <u>accord Hamilton v. Frito-Lay, Inc.</u>, 2007 WL 219981 * 2 (M.D. Fla. Jan. 26, 2007).

The Court should approve the instant FLSA Settlement Agreement and Release as a fair and reasonable resolution of a bona fide dispute between the Parties. With respect to the factors identified in <u>Leverso</u>, there is no fraud or collusion behind the settlement. Plaintiff was represented by counsel when she made her claims against Defendant, who was also represented by counsel, and the attorneys in this case are all experienced in handling FLSA matters. The Parties decided to resolve Plaintiff's claims due to the disputed issues of fact and law and the

inherent risks of litigation. Furthermore, the likely expenses of continuing with litigation are greater than the disputed difference in valuation. This litigation is currently in the discovery phase, and Defendant has already provided Plaintiff's counsel with payroll records that allow the Parties to better evaluate the merits of Plaintiff's claims. It is to the benefit of all Parties to resolve this case early before substantial attorneys' fees and costs are incurred.

In addition, this case involves substantial disputed issues of fact, including the number of hours actually worked by Plaintiff and the number of work weeks when Plaintiff's hours were improperly recorded.  Should Defendant's position on Plaintiff's prevail at trial, Plaintiff could recover far less than she is accepting in this settlement. Finally, the Parties and their respective counsel are satisfied, when considering the aforementioned issues, that the FLA Settlement Agreement and Release fairly resolves the dispute between them in the instant action.

"If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." Moreno v. Regions Bank, 729 F.Supp.2d 1346 (M.D. Fla. 2010). As set forth in the FLSA Settlement Agreement and Release, the Parties have agreed to resolve this action for $60,000.00, inclusive of attorneys' fees and costs. From the settlement amount, Plaintiff will receive $46,000.00 for alleged overtime wages and liquidated damages.

Plaintiff's counsel will receive $14,000 in fees and costs. The parties negotiated the damages, fees, and costs separately and only after to agreeing the settlement amount representing Plaintiff's overtime wages and liquidated damages.  Therefore, the parties reached settlement terms in a manner that ensures that no conflict has tainted the settlement. Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that when a parties represent that the plaintiff's attorneys' fee was agreed upon separately and

without regard to the amount paid to the plaintiff, then the court will typically approve the settlement amount without separately considering the reasonableness of the fee paid to plaintiff's counsel). Nevertheless, with regard to reasonableness of plaintiff's attorneys' fees, Plaintiff's counsel bills at $350 per hour and claimed to have spent 45 hours on this matter as of the preparation of this motion.  The attorneys' fees and costs represent a reasonable discount from the amount actually incurred by Plaintiff's counsel. Accordingly, the attorneys' fee and cost award is fair and reasonable in light of this stage of the litigation and the skill and experience of Plaintiffs' counsel.

The Parties stipulate to the dismissal with prejudice of the instant action upon Court approval of the settlement. Therefore, the Parties request that the Court approve the FLSA Settlement Agreement and Release as a fair and reasonable resolution of a bona fide dispute over FLSA provisions and dismiss this action with prejudice.

WHEREFORE, the Parties respectfully request that this Court enter an order approving the attached FLSA Settlement Agreement and Release, dismissing this action with prejudice, and granting any further relief the Court deems just and proper.

Respectfully submitted, **DATED** this 11th day of October, 2022.

By: _/s/ Matthew W. Birk_____
    Matthew W. Birk, Esquire
    Florida Bar No. 0131865
    309 NE 1st Street
    Gainesville, FL 32601
    Telephone:   (352) 244-2069
    Facsimile:   (352) 372-3464
    mbirk@gainesvilleemploymentlaw.com
    *Counsel for Plaintiff*

By: */s/Gary R. Wheeler*_____
    Gary R. Wheeler, Esquire
    Florida Bar No. 0131865
    200 W. Forsyth Street, Suite 1700
    Jacksonville, Florida 32202
    Telephone:   (904) 356-8900
    Facsimile:   (904) 356-8200
    gwheeler@constangy.com
    *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of October, 2022, I electronically filed the foregoing Notice with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

> Matthew W. Birk
> mbirk@gainesvilleemploymentlaw.com
> 309 NE 1st Street
> Gainesville, FL 32601
>
> /s/ *Gary Wheeler, Esq*
>
> *Attorney for Defendant*