UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA BURKEL,

      Plaintiff,

v.                                      CASE NO. 3:21-cv-888-MMH-JBT

UNION COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve FLSA Settlement Agreement and Release and for Dismissal with Prejudice ("Motion") (Doc. 21). For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the parties' subject FLSA Settlement Agreement and Release ("Agreement") (Doc. 21-1) be **APPROVED**, and this action be **DISMISSED with prejudice**.

### I.    Background

Plaintiff filed the instant action seeking unpaid overtime wages and other relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ("Complaint") (Doc. 1.) The Complaint contains two counts. Count One is for failure to pay overtime. (*Id.* at 3–4.) Count Two also relates to failure to pay overtime and is for breach of contract. (*Id.* at 4–5.)

Plaintiff alleged she was hired by Defendant on April 23, 2018 as a non-exempt administrative assistant at an hourly rate of $12.50, that she has continued to work for Defendant, and that her pay rate had increased to $14.66 per hour. (*Id.* at 2.) Plaintiff alleged, among other things, that from the time she was hired through August of 2021 (approximately 140 weeks), she was not compensated for an average of ten to fifteen hours of weekly overtime. (*Id.* at 2–3.) Plaintiff estimated that she was owed $86,940.00, representing $43,470.00 in unpaid overtime and an equal amount in liquidated damages. (Docs. 8 at 1–2; 21 at 2.) However, Defendant estimated that Plaintiff was owed approximately $7,369.20 to $18,423.00, based on only 89 weeks of improper reporting and 2 to 5 unpaid overtime hours per week. (Doc. 21 at 2.)

On September 26, 2022, apparently as a result of mediation, Plaintiff and Defendant executed the Agreement and mutually agreed to a settlement in the total amount of $60,000.00, which represents $46,000.00 for past due wages and liquidated damages to Plaintiff, and $14,000.00 in attorney's fees and costs to Plaintiff's attorney. (Docs. 21 at 3 & 5; 21-1.) Defendant also agreed to pay the mediator's fee. (Doc. 21 at 3.) The Motion requests that the Court approve the Agreement and dismiss this action with prejudice. (*Id.* at 3 & 6.)

**II.    Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid

>> overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per

curiam).[1]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

---

[1] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited if they are persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

### III. Analysis

Plaintiff initially valued her FLSA claim for unpaid overtime wages at $86,940.00, inclusive of liquidated damages. (Docs. 21 at 2; 8 at 1–2.) The Agreement provides that Defendant will pay $46,000.00 to Plaintiff ($23,000.00 for unpaid wages and $23,000.00 for liquidated damages), and $14,000.00 to Plaintiff's attorney for attorney's fees and costs. (Doc. 21-1.) Defendant also agreed to pay the mediator's fee. (*Id.* at 2.) The parties represent that Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 21 at 5–6.)

The parties further represent that the Agreement reflects a reasonable compromise of disputed issues to "avoid the costs and uncertainty of further litigation" and that the "settlement is both fair and reasonable." (*Id.* at 2–3.) The parties synopsize their dispute as follows:

> 2. Plaintiff alleges that Defendant failed to pay her overtime wages for a period of 140 weeks (from October 2018 through August 2021). Specifically, she claims that her supervisor told her that she should not be paid overtime and, to accomplish this, actually clocked Plaintiff in at 8 a.m. and out at 4 p.m. every work day, regardless of the hours she actually worked.
>
> 3. Plaintiff claims that she was actually working 55 total hours (or 15 hours overtime) each work week and that her pay rate increased from $12.50 an hour to $15.10 during the relevant period.
> . . .
>
> 5. Defendant contends that the relevant time period during which Plaintiff's hours were improperly reported was shorter, 89 work weeks not 140, and that Plaintiff

5

>was likely working between 2 to 5 hours of overtime each week during this period, not 15, based on the work hours she typically worked when she was properly recording her hours worked.  Specifically, Defendant's position [is] that Plaintiff [is] entitled to recover the following unpaid wages and liquidated damages:  using an average hourly rate of $13.80, Plaintiff's entitlement should be $13.80 x 2 to 5 hours per week x 1.5 (overtime rate) x 89 weeks x 2 (liquidated damages) = $7,369.20 to $18,423.

(*Id.* at 1–2.)

Based on the disputed issues identified above, the proposed settlement appears to be a reasonable compromise of bona fide FLSA issues that are actually in dispute.  Under the Agreement, Plaintiff will recover more than the amount she initially claimed she was owed in actual unpaid overtime.  In light of the disputes about the number of hours of overtime worked per week, and the number of weeks at issue, Plaintiff appears to be receiving a reasonable recovery.  Additionally, both Plaintiff and Defendant are represented by attorneys, and the settlement appears to have been reached at mediation.  (*See* Docs. 18, 19, 20.)  Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food,* 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers."  307 F. App'x at 351.  Moreover, since fees and costs were negotiated separately, the Court need not conduct an in-depth analysis of the reasonableness of the fees and costs so long as they appear

reasonable on their face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to her counsel.  See King, 2007 WL 737575, at *4.

In this case, the amount of $14,000.00 for fees and costs, based on 45 hours of attorney time, does not appear unreasonable on its face, and it appears that counsel is being adequately compensated for his work.  (Doc. 21 at 6.)  Thus, both aspects of the Silva attorney's fee inquiry are satisfied.[2]  Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon fees and costs.

For the foregoing reasons, the undersigned recommends that the proposed settlement is reasonable and should be approved.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 21**) be **GRANTED**.

2. The Agreement (**Doc. 21-1**) be **APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

---

[2]Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

7

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 25, 2022.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record